Filed 3/28/25  P. v. Williams CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BILLY DEWAYNE WILLIAMS,<br><br>Defendant and Appellant. | C100834<br><br>(Super. Ct. Nos. STKCRFE20110006851, SF118317A) |

Defendant Billy Dewayne Williams purports to appeal from an order declining his invitation for recall and resentencing pursuant to Assembly Bill No. 600 (2023-2024 Reg. Sess.) (Assembly Bill 600) and Penal Code section 1172.1.[1]  We will dismiss the appeal.

---

[1] Undesignated statutory references are to the Penal Code.

1

## I. BACKGROUND

Defendant was convicted in 2012 of two counts of car jacking (§ 215, subd. (a)), two counts of second-degree robbery (§ 211), and one count of dissuading a witness (§ 136.1, subd. (b)(1)), with various firearm enhancements (§§ 12022.5, subd. (a)(1), 12022.53, subd. (b)). He was sentenced to state prison for an aggregate determinate term of 30 years eight months.

Defendant's sentence was adjusted several times over the years. By 2022, defendant's sentence had been reduced to an aggregate determinate term of 18 years eight months.

Defendant filed a pro se request for resentencing pursuant to Assembly Bill 600 in November 2023. The trial court appointed counsel and set a hearing on the request. Defendant submitted letters and other documentation in support of the request. The prosecution filed an "informational brief" in response, urging the trial court to decline defendant's invitation for resentencing and drop the matter from the calendar.

The trial court ruled from the bench in March 2024, stating: "Mr. Williams has filed with the [c]ourt an invitation to recall and resentence him pursuant to . . . section 1172.1. The [c]ourt declines the invitation." The trial court then entered a minute order stating: "The Court declines the invitation." Defendant appeals.

## II. DISCUSSION

Defendant appeals from the order declining his invitation for recall and resentencing pursuant to Assembly Bill 600 and section 1172.1. According to defendant, the trial court accepted the invitation and "effectively recalled the matter . . . to consider resentencing on its own motion." The trial court erred, defendant says, by summarily denying the request without stating its reasons for doing so on the record. The People respond the order was not appealable; and therefore, we lack jurisdiction to consider defendant's appeal. We need not reach the question whether an order declining an

2

invitation for recall and resentencing is appealable, as we conclude defendant has failed to establish appellate jurisdiction in the particular circumstances of this case.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) Absent an appealable order, an appellate court lacks jurisdiction to consider an appeal. (*People v. Montellano* (2019) 39 Cal.App.5th 148, 153.) The appellant bears the burden of establishing appealability and appellate jurisdiction. (*Brown v. Upside Gading, L.P.* (2019) 42 Cal.App.5th 140, 144; see also California Rules of Court, rule 8.204(a)(2)(B).)

Defendant's opening brief addresses the question of appealability in a single sentence: "This appeal is authorized by section 1237." Such brevity might be sufficient in another case. But here we are asked to review an order denying an invitation for recall and resentencing under newly amended section 1172.1. The appealability of such an order has been called into question. (See *People v. Hodge* (2024) 107 Cal.App.5th 985, 991 (*Hodge*) [order declining to exercise discretion to recall sentence was not appealable].)

The People's responsive brief advances a lengthy challenge to our appellate jurisdiction, focusing squarely on the appealability of the order. The People direct our attention to section 1172.1, subdivision (c), which provides: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." The People reason that an order denying an invitation to which no response is required does not affect defendant's substantial rights and is therefore not appealable. (§ 1237, subd. (b).) They anticipate contrary arguments based on analogous postjudgment proceedings and attempt to distinguish relevant California Supreme Court precedent. (See *People v. Loper, supra*, 60 Cal.4th at p. 1163 [decision denying CDCR's compassionate release recommendation pursuant to § 1170, subd. (e) affected inmate's substantial rights and

3

was therefore appealable under § 1237, subd. (b)]; *People v. Carmony* (2004) 33 Cal.4th 367, 375-376 [defendant can appeal from trial court's decision denying invitation to dismiss strike pursuant to § 1385].) They propose an analogy to the Governor's clemency power under the California Constitution (see generally *Dilbert v. Newsom* (2024) 101 Cal.App.5th 317, 326), and find support for their interpretation of section 1172.1, subdivision (c) in legislative history. In short, the People devote almost all of their briefing to the argument that we lack jurisdiction to consider defendant's appeal.

Defendant's reply brief does not respond to any of the People's arguments or authorities concerning appellate jurisdiction or the appealability of the order. Defendant does not explain how the order affected his substantial rights, if at all. (§ 1237, subd. (b).) Nor does he discuss *Hodge,* in which the Court of Appeal for the Second District, Division Two, considered many of the same jurisdictional arguments urged by the People, and concluded that an order denying a defendant's request for recall and resentencing under section 1172.1 was not appealable. (See *Hodge, supra,* 107 Cal.App.5th at pp. 995-999.)[2] Instead, defendant leaves it to us to rebut the People's jurisdictional arguments. This we decline to do.

Again, it was defendant's burden to demonstrate appealability. (*People v. Montellano, supra*, 39 Cal.App.5th at p. 153; *Brown v. Upside Gading, L.P.*, *supra,* 42 Cal.App.5th at p. 144.) After our jurisdiction was called into question, it was up to him to explain why the trial court's order affected his substantial rights. Defendant chose to ignore the People's challenge to this court's jurisdiction, and we will not make arguments

---

[2] We note *Hodge* was decided before defendant filed his reply brief. (*Hodge, supra*, 107 Cal.App.5th at p. 990.)

for him.  Accordingly, we will dismiss the appeal for lack of jurisdiction.  We express no opinion as to whether the trial court's order could be shown to be appealable.[3]

### III.  DISPOSITION

The appeal is dismissed.


/S/

_____

RENNER, J.



We concur:


/S/

_____

ROBIE, Acting P. J.


/S/

_____

WISEMAN, J.[*]

_____

[3] We also note that our opinion does not foreclose the trial court from later deciding whether to recall defendant's sentence on its own motion.  (See § 1172.1, subds. (a)-(d).)

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.